UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdirahman A., | No. 0:19-cv-03172-ECT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DHS-ICE Chief Counsel, Attorney General, Sherburne County Sheriff, | |
| Respondents. | |

This matter is before the Court on Abdirahman A.'s (hereafter "Mr. A") Emergency Motion to stop the Department of Homeland Security Immigration and Enforcement Division ("ICE") from deporting him from the United States. ECF No. 17. Mr. A states that he is currently in ICE detention at Sherburne County Jail and that ICE should be prohibited from removing him from the United States while this case is pending. *Id.* He alleges that his family is living in the United States and will suffer undue hardship if ICE is allowed to remove him. *Id.* Though the Court is sympathetic to the circumstances in which Mr. A finds himself, it recommends that his emergency motion be denied.

Mr. A filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. ECF No. 1. In it, he challenges his allegedly prolonged detention by ICE pending his removal from the United States. *See* Pet'r Mem., ECF No. 4. If his habeas petition were granted, the relief Mr. A could obtain would either be an order requiring ICE to hold an individualized bond hearing, *see Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018),

or requiring ICE to release him from custody because his removal was no longer substantially likely to occur in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678 (2001). Mr. A's emergency motion essentially seeks a preliminary injunction barring ICE from deporting him, but that request does not align with the relief he could ultimately obtain if his habeas petition were granted. Preliminary injunctions typically issue for the purpose of maintaining the status quo, and the relief sought in Mr. A's emergency motion does not "preserv[e] the district court's decision-making power over the merits" of Mr. A's habeas claims. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (affirming district court's denial of a requested injunction and noting that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Moreover, Mr. A's emergency motion requests relief that arises from ICE's decision to execute his final order of removal. *See Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) ("A claim that is connected directly and immediately to a decision to execute a removal order arises from that decision."). Even if his habeas petition could be construed as raising a claim that ICE is prohibited from removing him from the United States so that his emergency motion aligns with the substantive claims he raises in this proceeding, courts lack jurisdiction to hear claims by immigration detainees "arising from the decision by the [Secretary of Homeland Security] to … execute removal orders against any alien…." 8 U.S.C. § 1252(g).

For these reasons, the Court recommends that Mr. A's Emergency Motion, **ECF No. 17**, be **DENIED**.

Date: April 22, 2020

                                                *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.