## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdirahman A., | No. 0:19-cv-03172-ECT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DHS-ICE Chief Counsel, Attorney General, Sherburne County Sheriff, | |
| Respondents. | |

Abdirahman A. filed this habeas corpus case, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Immigrations and Customs Enforcement agency ("ICE") pending his removal from the United States. *See* Pet'r Mem., ECF No. 4. On September 24, 2020, the Respondents filed a second supplemental response to Mr. A's petition, updating the Court on the status of this case. ECF Nos. 29 & 30. The Respondents advise the Court that ICE removed Mr. A to Somalia on September 17, 2020 aboard a commercial flight. ECF No. 29; ECF No. 30 ¶¶ 5–6 & Ex. 1. They argue that Mr. A's removal renders this case moot.

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstance … and a federal court can no longer grant effective relief, the case is considered moot." *Id.* at 723–24 (internal quotations omitted). Courts have

1

"concluded that a habeas petitioner's actual removal from the United States renders moot the petitioner's claims relating to his pre-removal detention because the court can no longer provide the relief sought." *Khoury v. McAleenan*, Civil No. 19-2305 (DSD/BRT), 2019 WL 4600215, at *1 (D. Minn. Sept. 23, 2019) (citing *Augustin B. v. McAleenan*, No. 19-296, 2019 WL 4305534, at *1 (D. Minn. Sept. 11, 2019); and *Mohamed v. U.S. Dep't of Homeland Security*, No. 13-643, 2013 WL 5888081, at *1–2 (D. Minn. Oct. 31, 2013)). "Article III mootness divests the Court of subject matter jurisdiction." *Ahmed v. Sessions*, Case No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017).

Because Mr. A sought release from ICE custody in his habeas petition and he is no longer in ICE custody due to his removal from the United States, the Court can no longer provide the relief sought.[1] As a result, Mr. A's petition is moot and the Court lacks subject matter jurisdiction. Accordingly, the Court makes the following recommendations:

1. The Motion for Custody Re-Determination **(ECF No. 21)**, should be **DENIED AS MOOT**;

2. The Petition **(ECF No. 1)** should be **DENIED AS MOOT**; and

3. This matter should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date: October 1, 2020

                                                     *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge

---

[1] None of the exceptions to the mootness doctrine applies here. *See Ahmed*, 2017 WL 3267738, at *2–3 (listing four exceptions to the mootness doctrine and concluding that none applied).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.